UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80846-CIV-MARRA

U.S. BANK NATIONAL ASSOCIATION
NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS LEGAL TITLE TRUSTEE
FOR LVS TITLE TRUST,

    Plaintiff,

vs.

DAVID C. PALADINO, a/k/a DAVID C
PALADINO II, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon the filing of the Notice of Removal (DE 1).

On June 15, 2015, Defendant David C. Paladino, III filed a Notice of Removal of a case pending in the Circuit Court in and for the 15th Judicial Circuit, Palm Beach County, Florida. Defendant states that the grounds for removal include the presence of the United States as a party-defendant and the presence of a federal question. The state court complaint is for a mortgage foreclosure action.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). Subject-matter jurisdiction is a threshold inquiry that a court

is required to consider before addressing the merits of any claim.  See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002); see also Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue sua sponte).  Accordingly, the Court's subject matter jurisdiction may be raised sua sponte.  See American Tobacco, 168 F.3d at 410.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 396 (1987); Community State Bank v. Strong, 651 F.3d 1241, 1258 (11th Cir. 2011).  According to Defendant, by virtue of the Complaint having alleged that all conditions precedent have been performed, the Complaint "rest[s] on the foundation" of 12 U.S.C. § 2605 or the Real Estate Settlement Procedures Act ("RESPA").  Plaintiff does not, however, bring a RESPA claim.  To the extent Defendant suggests that the foreclosure action is improper because RESPA was not complied with, the Court notes that federal jurisdiction cannot be predicated on an anticipated or actual federal defense.  Id. (citing Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)).   For this reason, Defendant's claim that the Complaint contains a federal question fails.[1]  See Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir.1996) (the removing party has the burden of demonstrating the propriety of removal).

Nor does Defendant fare any better with his contention that the presence of the United

---

[1] This Notice of Removal also fails to indicate whether other defendants have consented to removal.  Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001) (in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court).

States as a party-defendant is a basis for removal.  State courts possess jurisdiction over foreclosure claims by the United States when the United States has a lien on the property.  28 U.S.C. § 2410.  Further, 28 U.S.C. § 1444 provides that the United States may remove a foreclosure case from state court to federal court, but does not provide the same right to private defendants.  However, 28 U.S.C. § 1444 does not in and of itself confer subject-matter jurisdiction on a federal court merely because the United States is a party.  Hood v. United States, 256 F.2d 522, 525 n.6 (9th Cir. 1958); Wells v. Long, 162 F.2d 842, 844 (9th Cir. 1947); National Railroad Passenger Corp. v. State of Delaware, 441 F. Supp. 302, 303 (D. Del. 1977).  Only the United States can invoke the jurisdiction of a federal district court under this statute.  *Id.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  All pending motions are denied as moot and the clerk shall close the case.  This order is without prejudice to the United States exercising its right to remove this case under 28 U.S.C. § 1444 if it chooses to do so.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of June, 2015.

_____
KENNETH A. MARRA
United States District Judge